UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**KINGHORN MEDICAL LLC, d/b/a
MOUNTAIN BRACE SYSTEMS,**

    **Plaintiff,**

v.                                            Case No. 8:23-cv-1308-CEH-AAS

**NATIONAL DME LLC, d/b/a
BRACEFIT,**

    **Defendant.**
_____/

## **ORDER**

Clinton Johnston, general counsel for non-party Benchmark International CSS, LLC (Benchmark), requests this court grant his withdrawal and allow Benchmark to proceed *pro se*. (Doc. 64).

After Defendant National DME, LLC filed a motion to compel responses to a subpoena duces tecum issued to Benchmark (Doc. 54), Mr. Johnston filed a response and a motion to quash the nonparty subpoena in his individual capacity, not including his Florida bar number on the signature pages of the documents. (*See* Docs. 56, 57). The clerk then noticed Mr. Johnston of Local Rule 2.01(a), which requires membership or special admission in the Middle District bar to practice in the Middle District, except

1

for the limited exceptions identified in the Rule, none of which appear to be present here. (Doc. 58).

In response to the clerk's notice, Mr. Johnston contends he was "inadvertently labeled the attorney of record [and] requests this removal so that Benchmark can proceed *pro se* at this time." (Doc. 64, p. 1). As an initial matter, a limited liability company may not proceed *pro se*. *See Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993) ("[A] corporation may appear in federal courts only through licensed counsel."); *S.E.C. v. Merchant Capital, LLC*, 486 Fed. Appx. 93, 94 n. 1 ("It is well established, however, that a business organization cannot appear *pro se* and must be represented by counsel, not merely a stockholder or officer.").

Upon review of the Florida Bar website, it appears Mr. Johnston is a member of the Florida Bar and so he cannot move for special admission under Local Rule 2.01(c). Mr. Johnston, however, can move for temporary admission under Local Rule 2.01(d), but he has not. Because Mr. Johnston cannot appear on behalf of Benchmark in his officer capacity and has not requested permission to appear before the court and because Benchmark cannot appear *pro se*, Mr. Johnston's filings (Docs. 56, 57, 64) are hereby **STRICKEN**.

Should Benchmark wish to appear in this action, Mr. Johnston may move for temporary admission under Local Rule 2.01(d) or Benchmark may hire counsel who can appear under Local Rule 2.01(b) or (c).

**ORDERED** in Tampa, Florida on March 27, 2024.

*[signature: Amanda Arnold Sansone]*

AMANDA ARNOLD SANSONE
United States Magistrate Judge